MATTHEW NOUROLLAH,

          Plaintiff,

                                    **COMPLAINT**

v.                                  Civil Action No.

                                    [Trial By Jury Demanded]

WINNEBAGO COUNTY HIGHWAY DEPARTMENT,

          Defendant.

## NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") to correct unlawful employment practices and to compensate and make whole Matthew Nourollah ("Mr. Nourollah" or "Plaintiff"), who has been aggrieved by those unlawful employment practices. Defendant Winnebago County Highway Department ("WCHD" or "Defendant") unlawfully discriminated against Mr. Nourollah based on his race, allowed him to be subjected to a hostile work environment, and unlawfully terminated his employment in retaliation for filing a complaint of discrimination.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction in this action pursuant to 42 U.S.C. § 2000e-5, as the matter in controversy is brought pursuant to Title VII.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), because Mr. Nourollah was employed within the Eastern District of Wisconsin judicial district by WCHD, and because the unlawful employment practices were committed within this judicial district.

1

**PARTIES**

4. Mr. Nourollah was and is an adult male residing in Wisconsin, and he was an employee of WCHD at all times relevant hereto.

5. WCHD has continuously been and is currently an employer engaged in industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

**STATEMENT OF FACTS**

**HOSTILE WORK ENVIRONMENT**

6. WCHD hired Mr. Nourollah as a Highway Operator I on or about March 15, 2023. This role involved various plowing and highway maintenance duties, utilizing County vehicles to accomplish such duties.

7. From the outset of his employment, Mr. Nourollah, who is of Iranian descent, was the subject of frequent racial discrimination and harassment from others employed by WCHD.

8. One coworker, for example, referred to Mr. Nourollah as a "terrorist" and a member of the "Taliban." Other coworkers referred to him as an "Iranian goat f***ker," a "Peruvian sand ni****," and a "towelhead."

9. In or about October of 2024, Mr. Nourollah informed Robert Doemel, the Highway Commissioner in charge of WCHD's daily operations, and Kevin Kuklinski, WCHD's Bridge and Engineering Manager, that he was being harassed and discriminated against on the basis of his national origin. Because he feared suffering retaliation, Mr. Nourollah did not provide the names of his harassers, or the exact words the harassers used, when reporting to Mr. Doemel and Mr. Kuklinski.

2

10. Nothing was done by either Mr. Doemel or Mr. Kuklinski to stop the harassment and discrimination, with Mr. Kuklinski merely telling Mr. Nourollah that he "had to find his way with the guys."

**RETALIATION**

11. On or about December 6, 2024, Creston Ballman, one of Mr. Nourollah's coworkers, reported to Stephanie Stieg, a member of the Winnebago County Human Resources Department, that Mr. Nourollah "has had to deal with an enormous amount of discrimination" and had not reported the specifics yet "out of fear of retaliation."

12. About one month after this report, WCHD suspended Mr. Nourollah on or about January 24, 2025, placing him on administrative leave. Mr. Nourollah was only told that the suspension was for supposed "safety violations."

13. Mr. Nourollah filed a complaint of harassment, discrimination, and retaliation with the Wisconsin Equal Rights Division on or about January 28, 2025.

14. Mr. Nourollah was suspended for approximately five months before WCHD ultimately terminated his employment on or about June 20, 2025.

**ALLEGED "SAFETY VIOLATIONS" AND INCONSISTENT ENFORCEMENT**

15. WCHD claims it terminated Mr. Nourollah for a safety violation. The violation involved a video taken by Mr. Nourollah while operating a snowplow and later posted online. Mr. Nourollah would, from time to time, mount his phone on the dash of County vehicles, recording footage of his work as with a dashcam. Taking such videos was a common practice among vehicle operators employed by WCHD.

16. Mr. Nourollah would typically start and stop such recordings using his phone's voice command.

3

17. Mr. Nourollah's use of his phone during work was not a safety violation. Drivers such as Mr. Nourollah were texted directives and instructions throughout the day, making it necessary to have and operate one's phone while working for WCHD.

18. WCHD is inconsistent in how it disciplines drivers determined to have violated safety rules.

19. One driver, for example, was convicted of driving under the influence and lost his ability to operate County vehicles. Rather than terminating his employment, WCHD found non-vehicle-based work for him such as mowing grass.

20. Likewise, other operators caused accidents while operating county vehicles, but they were not terminated either. The supposed safety violation was pretext for terminating Mr. Nourollah after he complained of being discriminated against.

21. WCHD terminated Mr. Nourollah in retaliation for filing a Complaint with the ERD.

## ADMINISTRATIVE EXHAUSTION

22. Mr. Nourollah filed a complaint with the Wisconsin Equal Rights Division on or about January 28, 2025, ERD Case Number CR202500319.

23. The Complaint was filed within the applicable 300-day time limitation, and was also cross-filed with the U.S. Equal Employment Opportunity Commission, EEOC Case Number, 26G-2025-00942.

24. On July 2, 2025, Mr. Nourollah filed a Request to Withdraw with the ERD, asking that the EEOC be allowed to investigate the federal law claims.

25. The EEOC issued a Notice of Right to Sue on March 19, 2026.

4

26. This action is being commenced within the time provided by the Notice of Right to Sue.

27. With all conditions precedent being met, Mr. Nourollah now exercises his right to file a civil action in the U.S. District Court of Eastern District of Wisconsin for race discrimination in violation of Title VII.

## CAUSES OF ACTION

28. Mr. Nourollah realleges and reincorporates by reference all preceding paragraphs as if fully set forth herein.

29. The conduct described above constituted a hostile work environment due to race in violation of Title VII.

30. The conduct described above constituted discrimination based on race in violation of Title VII.

31. The conduct described above constituted unlawful retaliation by WCHD against Mr. Nourollah for engaging in protected activity.

32. WCHD's unlawful employment practices were done with intent, malice, and reckless indifference to the federally protected rights of Mr. Nourollah, warranting punitive damages.

33. As a direct result of the unlawful employment practices, Mr. Nourollah sustained wage loss, emotional distress, and other non-pecuniary damages. Mr. Nourollah is entitled to reinstatement, general and compensatory damages in amounts to be proven at trial, and other equitable relief.

## PRAYER FOR RELIEF

5

WHEREFORE, Matthew Nourollah respectfully prays that this Court enter judgment in his favor and against WCHD, as follows:

1.      Order WCHD to make Mr. Nourollah whole by providing, *inter alia*, full back pay, lost past and future earning potential, reinstatement or front pay, prejudgment interest, other pecuniary damages, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

2.      Order WCHD to pay compensatory damages for pain and suffering, embarrassment, emotional distress, and other non-pecuniary losses;

3.      Order trial by jury on all issues so triable;

4.      Grant injunctive relief against WCHD;

5.      Order WCHD to pay punitive damages;

6.      Grant such further relief as the Court deems necessary and just; and

7.      Grant plaintiff his attorney fees and costs pursuant to 42 U.S.C. 2000e-5(k).

Dated at Milwaukee, Wisconsin, this 16th day of June, 2026.

FIRST, ALBRECHT & BLONDIS, s.c.
Attorneys for Matthew Nourollah


s/ Christopher G. Meadows
Christopher G. Meadows, SBN: 1055144
Bryn I. Baker, SBN: 1102534

158 N. Broadway, Suite 600
Milwaukee, Wisconsin 53202
Phone: (414)271-1972
Fax:(414)271-1511
cmeadows@fabattorneys.com
bbaker@fabattorneys.com